UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN M. DONAHUE,
    Plaintiff

v.

ELAINE STOLFA, ET AL.,
    Defendants

CIVIL ACTION NO. 3:13-CV-1276

(JUDGE NEALON)
(MAGISTRATE JUDGE BLEWITT)

FILED
SCRANTON
JUL 3 0 2013
PER _____
DEPUTY CLERK

## MEMORANDUM

On May 9, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint names as Defendants: Elaine Stolfa, Angelo Salvatore, Sharon Angelo, Monika Takoch, Herbert Alan Smith, Lucy Ann Vierling, all employees at the Hazleton Career Link; an unnamed Career Link Security Guard; "Other Luzerne County and PA Career Link and Workforce Investment Staff;" and the Pennsylvania Department of Labor and Industry. (Id.). Plaintiff alleges that in 2012, he was approved for job training funding from the Hire Our Heros Act and issued a voucher. (Id.). The complaint alleges that Defendant Stolfa refused to help Plaintiff and threatened other workers that if they assisted Plaintiff they would be fired, and alleges that "they" denied him access and insisted that Plaintiff would be arrested if he attempted to use an unemployment office. (Id.). Plaintiff filed a motion for leave to proceed in forma pauperis on May 24, 2013. (Doc. 5).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 10) (citing Pub. L. No. 104-134,

---

[1] Plaintiff has since been released on bail. See (Docs. 8-9).

110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915²). On June 11, 2013, Magistrate Judge Blewitt issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed in its entirety with prejudice, and that the motion for leave to proceed in forma pauperis be granted for the sole purpose of filing this action. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Docs. 11-12). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). The motion/objection is dated June 7, 2013, before the R&R was issued. (Id.).³ No other objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report

---

²Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

³Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

2

is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a section 1983 action and explains that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 10, pp. 4-6). Initially, Magistrate Judge Blewitt determines that because the Pennsylvania Department of Labor and Industry is entitled to immunity as an agency of the state, all claims against it are barred by the Eleventh Amendment and should be dismissed with prejudice. (Id. at pp. 7-9), citing MCI Telecomm. Corp. v. Bell Atlantic-Pennsylvania, 271 F.3d 491 (3d Cir. 2001); Democracy Rising PA v. Celluci, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009)

3

(Conner, J.). Next, the Magistrate Judge finds that the complaint insufficiently establishes the personal involvement of the unnamed Career Link Staff Defendants or its named employees: Defendants Salvatore, Angelo, Takoch, Smith, and Vierling, because they are not mentioned in the allegations. (Doc. 10, pp. 9-11) (quoting George v. Pa. Dep't of Corr., 2010 U.S. Dist. LEXIS 23116 (M.D. Pa. 2010) (Caputo, J.). Moreover, the R&R explains that Defendant staff members of Luzerne Schuylkill Workforce Investment Board Staff, incorrectly referred to as "Other Luzerne County and PA Career Link and Workforce Investment Staff" in the complaint, along with the staff in its subsidiary program, Hazleton Career Link, a private non-profit organization, should be dismissed because they are employees of a private company and, therefore, not state actors subject to suit in a section 1983 action. (Id. at pp. 11-12), citing Conway v. King Pharms., Inc., 2008 U.S. Dist. LEXIS 86352 (M.D. Pa. 2008) (Vanaskie, J.); Harris v. Greater Erie Cmty. Action Comm., 2006 U.S. Dist. LEXIS 100901, *15 (W.D. Pa. 2006) (holding that "Pennsylvania Career Link Workforce is not a legal entity that is subject to suit"), adopted by, 2006 U.S. Dist. LEXIS 100902 (W.D. Pa. 2006). Similarly, Defendant Stolfa is the Site Administrator for Hazleton Career Link and is not a state actor. (Doc. 10, p. 13). The R&R further reasons that Plaintiff has not alleged discrimination based on his veteran status and, regardless, such a claim has administrative exhaustion requirements and is not cognizable under section 1983. (Id.), citing Douris v. Bucks County, 2005 U.S. Dist. LEXIS 1279, *37 n.16 (E.D. Pa. 2005) (concluding that a plaintiff may not bring a claim pursuant to 42 U.S.C. § 1983 for a violation of the Vietnam Era Veterans' Readjustment Assistance Act ("VEVRAA"), 38 U.S.C. § 4212)). Magistrate Judge Blewitt concludes that the complaint should be dismissed in its entirety and that it would be futile to allow an amendment. (Doc. 10, pp. 13-14), citing Grayson v.

Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Having reviewed the R&R for clear error and finding none, it will be adopted. The complaint and all Defendants will be dismissed with prejudice and without leave to amend. Additionally, Plaintiff's motion for leave to proceed in forma pauperis will be granted for the sole purpose of filing this action.

A separate order will be issued.

Date: July 30, 2013

United States District Judge